UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RONALD LAMONT DAVIS,

    Plaintiff,

v.

DANYA RUSSO, et al.,

    Defendants.
_____/

Case No. 2:24-cv-92

HON. JANE M. BECKERING

## OPINION AND ORDER

This is a pro se prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Defendant Evelyn Ross, a registered nurse, filed a motion for summary judgment arguing that Plaintiff Ronald Lamont Davis failed to exhaust his administrative remedies in connection with his claims against her. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that the Court grant Defendant Ross's motion for summary judgment and terminate her from the case (R&R, ECF No. 41). Plaintiff's four objections to the Report and Recommendation are presently before the Court (Obj., ECF No. 43). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has reviewed de novo those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

First, Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff failed to exhaust his administrative remedies (*see* Obj., ECF No. 43 at PageID.793; R&R, ECF No. 41 at PageID.784–786). Plaintiff argues that those remedies were "unavailable" under *Ross v. Blake*,

578 U.S. 632, 648 (2016). Plaintiff, however, fails to engage with the Magistrate Judge's analysis, which points out that Plaintiff filed multiple grievances naming multiple individuals but not Defendant Ross (R&R, ECF No. 41 at PageID.786). As noted by the Magistrate Judge, the Sixth Circuit and courts within this district have rejected "a prisoner's claim that the exhaustion procedure was unavailable when the MDOC records demonstrate that the grievance procedure was in fact available and that the prisoner filed grievances." *Mims v. Davids*, No. 1:22-CV-232, 2022 WL 18275886, at *4 (W.D. Mich. Dec. 14, 2022), *report and recommendation adopted*, No. 1:22-CV-232, 2023 WL 172005 (W.D. Mich. Jan. 12, 2023) (collecting cases); *Sango v. Fleury*, No. 21-2597, 2022 WL 2163519 (6th Cir. May 4, 2022) ("[Plaintiff's] claim that he was unable to utilize the grievance system is belied by his record of grievances."). This objection is denied.

Second, Plaintiff objects that the Magistrate Judge applied an improper "burden-shifting" approach to the "affirmative defense of PLRA exhaustion" (Obj., ECF No. 43 at PageID.797–798). The Magistrate Judge did not misapply the law on this point. The Report and Recommendation expressly states that a "prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove" (R&R, ECF No. 41 at PageID.773). Plaintiff takes issue with the Magistrate Judge's statement that "[w]hile Davis alleges he was thwarted, he fails to do more than provide a conclusory statement to this effect" (Obj., ECF No. 43 at PageID.798). But the Magistrate Judge properly notes that—given undisputed evidence that Plaintiff filed multiple grievances against multiple named individuals but not Defendant Ross—Plaintiff's conclusory statement that he was "thwarted" cannot give rise to a triable dispute. *See* R&R, ECF No. 41 at PageID.785–786; *Pierce v. Ocwen Loan Servicing, LLC*, No. 20-6057, 2021 WL 4129526, at *2 (6th Cir. Sept. 10, 2021) (a "conclusory affidavit" that is both unsupported by "specific evidence" and that "conflicts with all of the document[s]" in

the undisputed record "does not create a genuine dispute of material fact"); *Bezusko v. Warren Printing Inc.*, 156 F.3d 1228 (6th Cir. 1998) ("Conclusory allegations in an affidavit do not create specific fact disputes sufficient to defeat summary judgment."). This objection is also denied.

Third, Plaintiff argues that his First Amended Complaint (ECF No. 12) qualifies as sworn evidence and establishes that prison officials did not allow him to amend one of his grievances to name Defendant Ross (Obj., ECF No. 43 at PageID.801–802). This objection does not meaningfully engage with the Report and Recommendation's extensive analysis on this point (R&R, ECF No. 41 at PageID.782–786). As discussed above, the undisputed record shows that Plaintiff could have filed a grievance against Defendant Ross but chose not to do so (*id.* at PageID.785). Plaintiff's conclusory statements to the contrary do not give rise to a triable dispute. *See Pierce*, 2021 WL 4129526 at *2; *Bezusko*, 156 F.3d at 1228. This objection is denied.

Fourth, Plaintiff objects that Defendant Ross did not produce sufficient evidence to support her summary judgment motion (Obj., ECF No. 43 at PageID.803–805). This objection fails to "specifically identify" the portions of the Report and Recommendation to which it applies in violation of this Court's rules. *See* W.D. Mich. LCivR 72.3(b). And Plaintiff offers only conclusory statements to support this objection, repeating arguments that he made to the Magistrate Judge without responding to the Magistrate Judge's analysis. This objection is denied.

In sum, Plaintiff's arguments fail to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 43) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 41) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 31) is GRANTED and Defendant Ross is terminated from the case.


Dated:  October 1, 2025 /s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge