UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RONALD LAMONT DAVIS,

     Plaintiff,

                                   Case No. 2:24-cv-92

v.

                                   HON. JANE M. BECKERING

DANYA RUSSO, et al.,

     Defendants.

_____/

**OPINION AND ORDER**

This is a pro se prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.  Defendants Elizabeth Marsh, Minai Nagy, Gabraielle Peters, and Bethany Stain filed a motion for summary judgment, arguing that Plaintiff Ronald Lamont Davis failed to exhaust his administrative remedies in connection with his claims against them.  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that the Court grant the motion for summary judgment and terminate the moving Defendants from the case (R&R, ECF No. 53).  Plaintiff's two objections to the Report and Recommendation are presently before the Court (Obj., ECF No. 55).  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has reviewed de novo those portions of the Report and Recommendation to which objections have been made.  The Court denies the objections and issues this Opinion and Order.

*First*, Plaintiff objects that the Magistrate Judge ignored his argument on whether Defendants sought concurrence before filing their motion (*see* Obj., ECF No. 55 at PageID.916).  The Magistrate Judge expressly referenced this argument (R&R, ECF No. 53 at PageID.898, noting Plaintiff's assertion that Defendants "never sought concurrence").  Plaintiff lacks personal

knowledge regarding Defendants' unsuccessful efforts to obtain concurrence by telephone (*see* Obj., ECF No. 55 at PageID.916).  And a separate certificate of concurrence is not expressly required by this district's local rules in connection with dispositive motions.  *See* W.D. Mich. LCivR 7.1(d) (noting that a separate certificate is required for "nondispositive motions" setting forth reasonable efforts to confer with an incarcerated party); *LaBelle v. Cleveland Cliffs, Inc.*, No. 2:17-CV-212, 2018 WL 7254247, at *2 (W.D. Mich. Nov. 27, 2018), *aff'd*, 784 F. App'x 437 (6th Cir. 2019) (noting that the Western District of Michigan local rules only require a "separately-filed certificate of concurrence for non-dispositive motions").  This objection lacks merit.

*Second*, Plaintiff objects that the Magistrate Judge erred in rejecting Plaintiff's argument that his efforts to exhaust his administrative remedies were "thwarted" by MDOC personnel (Obj., ECF No. 55 at PageID.917–927).  As an initial matter, Plaintiff frequently fails to "specifically identify" the portions of the Report and Recommendation to which he objects, violating this Court's rules.  *See* W.D. Mich. LCivR 72.3(b).  Instead of engaging with the Magistrate Judge's analysis, Plaintiff largely reiterates arguments set forth in his opposition papers (*compare* Pl. Opp., ECF No. 50 at PageID.870–876 *with* Obj., ECF No. 55 at PageID.916–927), thereby failing to raise a proper objection.  *See Evans v. Ordiway*, No. 2:24-CV-36, 2026 WL 309173, at *4 (W.D. Mich. Feb. 5, 2026) ("Plaintiff merely reiterates his arguments presented before the magistrate judge, which are not valid objections to a report and recommendation. An 'objection' that merely 'restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge.'"); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)) ("Such duplication defeats the purpose of the Federal Magistrates Act[.]").  Concomitantly, instead of focusing on the Report and Recommendation, Plaintiff also attempts to raise new arguments and cite to certain documents for the first time before this Court, again failing to raise a proper

objection.  *See Tina M. W. v. Comm'r of Soc. Sec.*, No. 1:25-CV-536, 2026 WL 1282882, at *3 n.3 (W.D. Mich. May 11, 2026) ("Parties are not permitted to raise new arguments and present new evidence in objections to a report and recommendation") (citing *Rogan v. Tomlinson*, No. 19-CV-12975, 2021 WL 1105293, at *3 (E.D. Mich. Mar. 23, 2021)); *Morgan v. Trierweiler*, 67 F.4th 362, 367 (6th Cir. 2023) (quoting *Murr v. United States,* 200 F.3d 895, 902 n.1 (6th Cir. 2000)) ("[I]issues raised for [the] first time in objections to [a] magistrate judge's report and recommendation are deemed waived."); *DeJonge v. Burton*, No. 1:16-CV-980, 2018 WL 4929756, at *1 (W.D. Mich. Oct. 11, 2018) ("An objection to a report and recommendation is not an opportunity for a do-over.").

Even if Plaintiff had properly preserved this second objection, he fails to identify factual or legal error in the analysis and authorities provided by the Magistrate Judge.  For example, Plaintiff frequently fails to specify the specific grievance to which he is referring, and he continues to advance the bare legal conclusion that he was "thwarted" in exhausting the grievance process. *See* R&R, ECF No. 53 at PageID.911 (noting that Plaintiff "alleges he was thwarted, [but] he fails to do more than provide a conclusory statement to this effect").[1]  The Sixth Circuit has previously rejected a similar argument on analogous facts:

> Proper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits). Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.] The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules.

---

[1] *See also Durham v. Sheets*, No. 1:13-CV-226, 2015 WL 4068706, at *8 (S.D. Ohio July 2, 2015), *R&R adopted*, 2015 WL 5729337 (S.D. Ohio Sept. 30, 2015), *aff'd* (Nov. 6, 2016) (rejecting a plaintiff's conclusory argument that "he was hindered from completing the grievance process by defendant"); *Lacy v. Duell*, No. 1:14-CV-537, 2014 WL 4163614, at *7 (W.D. Mich. Aug. 20, 2014) ("Plaintiff was not deprived of the opportunity to seek redress through the grievance process. He merely disagreed with the result.").

> A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction. [The plaintiff's grievance] was returned to him because he improperly addressed multiple issues in his complaint. [He] did not correct and resubmit his grievances . . . [he] has thus failed to properly exhaust his administrative remedies.

*Richmond v. Settles*, 450 F. App'x 448, 457 (6th Cir. 2011) (affirming summary judgment order). As noted by the Report and Recommendation, Plaintiff similarly failed to take the steps necessary to obtain an adjudication of relevant grievances on the merits and exhaust his administrative remedies.  *See* R&R, ECF No. 53 at PageID.899–913; *cf. Richmond*, 450 F. App'x at 457.

In sum, Plaintiff's arguments fail to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion.  Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 55) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 53) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 48) is GRANTED, Plaintiff's claims against Defendants Elizabeth Marsh, Minai Nagy, Gabraielle Peters, and Bethany Stain are DISMISSED, and those Defendants are TERMINATED from this case.  The only remaining claims in this case are Plaintiff's claims against Defendant Russo.

Dated:  July 1, 2026

  /s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge